EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FÉLIX FLORES CORIS, acusado y apelante.

*Número:* CR-70-64    *Resuelto:* 30 de abril de 1971

*José M. Tejada,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Eugenio Pérez Matos, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM : Luego de renunciar válidamente a un juicio por jurado, el apelante fue juzgado, convicto y sentenciado por tres infracciones a la Ley de Narcóticos (24 L.P.R.A. sec. 974z) consistentes en que en 10 de marzo de 1968 y en Santurce, P.R., (1) tenía en su posesión y dominio, (2) ocultó y transportó, y (3) vendió la droga narcótica conocida por heroína.

En este recurso imputa al tribunal sentenciador haber cometido error, (1) al rechazar la defensa de incitación ilegal o *"entrapment"*, (2) haberle declarado culpable con prueba insuficiente, y (3) al admitir en evidencia las 25 bolsitas de heroína.

Los tres señalamientos son frívolos. Veamos los hechos según los relató el agente José Mojica a quien el tribunal sentenciador dio crédito.

"R—Pues ese día yo me encontré en la parada 23 con un individuo conocido por 'Menor' que está relacionado con los traficantes y adictos a drogas y Menor me conocía de antes, yo lo conocía anteriormente, y me dijo que me iba a presentar un amigo que vendía material, o sea, que vendía droga en la parada 20, yo me dirigí a la 20 con Menor y allá estaba Félix Torres Coris, conocido por 'Billetón', Menor lo llamó y me lo presentó." (T.E. pág. 5.)

. . . . . . . .

No, él estaba en la creencia de que yo era un tirador, que yo iba a buscar droga para vender en la Isla. Yo lo conocí a él precisamente con otro individuo que me llevó a ese sitio ahí lo conocí a él en la 23 como un adicto, se encargaba, entonces, cuando iba un tirador a capiar o comprar él conseguía los traficantes que le vendían en ese caso él hacía eso conmigo, a veces lo encontraba y me decía: 'en tal sitio hay un material bueno te voy a llevar para que me des la cura, me dejes ganar algo', ese día 10 de marzo que en la 23 no había nada me dijo que me iba a llevar donde un pana en la parada 20 que tenía buen material." (T.E. pág. 19.)

■ El testimonio de este agente, más los testimonios incriminatorios del agente César Delgado González y del químico Ramón Chinea y la evidencia objetiva admitida, prueban la culpabilidad del apelante más allá de duda razonable. Invoca el apelante el caso de *Pueblo* v. *Ayala Ruiz*, 93 D.P.R. 704 (1966), no se trata aquí, como en aquel caso, de un testimonio flaco y descarnado. Por el contrario, en la repregunta hizo una descripción detallada del sitio donde se realizó la transacción, y contestó con firmeza y particularizó otros detalles y circunstancias preguntadas por la defensa. El propio acusado, en la silla testifical corroboró parte del testimonio del agente según surge de las páginas 28 y 86 y siguientes de la transcripción de la evidencia.

■ Las 25 bolsitas de heroína fueron correctamente admitidas en evidencia. Tanto los agentes Mojica y Delgado como el químico Chinea identificaron cumplidamente dichas bolsitas de heroína durante el juicio. La evidencia fue identificada el día de su ocupación por los agentes con sus iniciales y mantenida en su poder ininterrumpidamente hasta varias horas después cuando fue entregada al químico, quien a su vez la identificó con su nombre y otros detalles. El tiempo transcurrido entre la ocupación de la evidencia y su entrega al químico, sin más, no hace inadmisible la evidencia. *Pueblo* v. *Vázquez López*, 98 D.P.R. 15 (1969) : *Pueblo* v. *Vázquez Rosado*, Sentencia de 21 de diciembre de 1970.

■ La defensa de incitación ilegal o *"entrapment"* no podía prosperar. En primer término el apelante negó que cometiera los hechos que se le imputaron, inclusive negó que el 10 de marzo de 1968 hubiera estado por el sector donde según el agente Mojica el apelante les vendió la heroína. *Pueblo* v. *Pérez*, 72 D.P.R. 865 (1951). En segundo lugar no se trata aquí, como lo revela la prueba, de una persona que no hubiera cometido el delito a no ser por la incitación de la policía. Los hechos demuestran que en realidad el ape-

lante era un traficante en drogas y que la venta la realizó en este caso por mediación de un droga-adicto que se dedicaba a llevar clientes a los traficantes, por remuneración o droga. *Pueblo* v. *Verdejo Meléndez*, 88 D.P.R. 207 (1963).

*Se confirmarán las sentencias apeladas.*